# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
PAUL J. FISHMAN
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS

1633 BROADWAY
NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1155

WRITER'S DIRECT FAX
(212) 373-7955

E-MAIL
DSLARSKEY@FKLAW.COM

NORMAN ALPERT
MARC N. EPSTEIN
SNEHA DEVADASON
ANDREW A. QUARTNER
COUNSEL

KENT K. ANKER
AMY C. BROWN
MALA AHUJA HARKER
HEATHER WINDT
LISA S. GETSON
GAURAV I. SHAH
ASAF REINDEL
JOHN N. ORSINI
JEFFREY R. WANG
VANESSA RICHARDS
CHAD B. PIMENTEL
MYRIAM FORD
JOSHUA D. JACOBSON
CHAD M. LEICHT
JONATHAN GOTTFRIED
BARBARA J. GRAVES
MICHAEL A. GORDON
DANYA SHOCAIR REDA
ROBERT S. LANDY
DANIEL R. GREENBERG
DAVID N. SLARSKEY
KEVIN S. HAEBERLE

October 3, 2007

BY ELECTRONIC TRANSMISSION

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Drew v. ACC Capital Holdings, et al.,
      No. 07-CV-3772 (SLT)(RML)

Dear Judge Levy:

  This firm is counsel to Ida and Darrin Drew ("the Drews") whose federal Truth-in-Lending claims arise out of the subprime lending practices of ACC Capital Holdings ("ACC"), Ameriquest Mortgage Company ("Ameriquest"), and WM Specialty Mortgage, LLC ("WM," collectively "defendants").[1] We write in response to the October 2, 2007 letter of Kenneth J. Flickinger, in which he seeks, on behalf of ACC, Ameriquest and WM, leave to move for dismissal of plaintiffs' September 10, 2007 Complaint (the "Complaint") based on principles of federal abstention. For the reasons discussed below, this case should not be dismissed, and the Court should reject defendants' efforts to avoid responding to the Complaint.

  Neither Ameriquest nor ACC are parties to any other litigation with the Drews. In November 2006, the present noteholder of their mortgage, WM, served the

---

[1] ACC is the parent corporation of Ameriquest. The Drews have asserted an additional claim against "Ramos Wellington" for forgery, arising out of the fraudulent transfer of the Drews' deed. Mr. Wellington Ramos has responded separately to the Complaint.

513238.2

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Hon. Robert M. Levy							- 2 -							October 3, 2007

Drews with a complaint, initiating foreclosure proceedings against them in the Supreme Court of New York, Kings County. ACC and Ameriquest – which committed the initial Truth-in-Lending violations against the Drews, originated the mortgage, and continued to service the loan – are not parties to that action. Having little understanding of their rights and no access to legal counsel, the Drews failed to answer WM's complaint until April 2007, when after extensive efforts to find assistance, they obtained the *pro bono* representation of this firm. At that point, this firm sought to have WM accept a responsive pleading prior to entry of default against the Drews. That proposed pleading asserted Truth-in-Lending violations as an affirmative defense to the WM's efforts to foreclose, as well as third-party claims against Ameriquest and ACC. WM, however, refused to accept the proposed answer, forcing the Drews to move to compel WM to accept a late pleading on June 8, 2007 in state court. That motion is pending.

While the state court motion has remained unresolved, the Drews faced the expiration of the statute of limitations on their independent federal claims against Ameriquest and ACC. Those claims were set to expire on September 17, 2007. Not knowing when the state court would rule, or whether they would be allowed to serve their answer, the Drews were forced to prepare and file this action to preserve their rights. As a result of the delay occasioned by WM's refusal to accept their response, the Drews find themselves in a situation where a dismissal of this action, coupled with a denial of the motion pending in state court, would have the catastrophic effect of precluding their federal claims against Ameriquest and ACC, despite the well-pleaded and timely Complaint brought in this action.

Regardless of the state court's eventual ruling, the federal claims against ACC and Ameriquest are now properly before this Court. All of the relevant parties have been brought together in this action, without procedural obstacles, and include WM and Ramos Wellington. (*See supra*, n.1.) Moreover, by bringing their claims before this Court, the Drews have demonstrated their preference for having issues of federal law resolved in a federal forum. *See England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 415-16 (1964) (internal quotation and citation omitted) ("When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.") Where, as here, there is "substantial doubt as to whether complete and prompt protection of [a plaintiff's] federal rights is available in the state proceeding, dismissal would be a serious abuse of discretion." *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 523 (2d Cir. 2001).

The Drews have been overshadowed with the prospect of foreclosure upon their residence for nearly a year, not to mention the fraud and forgery by which their home's deed was stripped from them. They have been prepared to go forward with their claims for months and do not wish to endure any more delay. It would be manifestly unfair and unjust to deny these plaintiffs, who have become ensnared in defendants'

513238.2

Friedman Kaplan Seiler & Adelman LLP

Hon. Robert M. Levy — - 3 - — October 3, 2007

unfair lending practices and the procedural obstacles that have resulted therefrom, the opportunity to pursue their claims in this Court.

   For these reasons, we respectfully request that the Court deny defendants' motion to dismiss the complaint or stay the action. We are prepared to proceed forthwith.

          Sincerely,

          David N. Slarskey

cc: K. Flickinger, Esq
   W. Ramos

513238.2