# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *ACC Capital Holdings, et al. v. Darrin Drew, et al.*; Case No. 1:07-cv-06234 | |

## <u>DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>

Defendant WM SPECIALTY MORTGAGE LLC ("Defendant"), by and through its attorneys, answers Plaintiffs DARRIN DREW's and IDA DREW's ("Plaintiffs") Complaint as follows.

## <u>COMPLAINT</u>

1.      Plaintiffs Darrin Drew and Ida Drew ("the Drews") bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and obtain damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 ("Regulation Z") and NY Gen Bus. L. § 349; and against an individual who forged the Drews' signatures on real estate transfer documents to set-aside the deed to 128 Crystal Street on the grounds of forgery.

**ANSWER:    Defendant admits that Plaintiffs have filed this action against it. Defendant specifically denies that it is an affiliate of ACC Capital Holdings, Corp. or Ameriquest Mortgage Company. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226 or any state law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 1 regarding alleged forgery of real estate transfer documents and on that basis denies such allegations.**

BN 1543815v1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question jurisdiction), 28 U.S.C. §1337(a) (regulating commerce), 15 U.S.C. §1640 (TILA), and 15 U.S.C. § 1367 (supplemental jurisdiction).

**ANSWER:    Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the District.

**ANSWER:    Defendant does not dispute venue. Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.      Plaintiffs Darrin and Ida Drew are married. They own a home at 128 Crystal Street, Brooklyn, New York, where they reside with their two children.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant ACC Capital Holdings Corporation is the parent company of Ameriquest Mortgage Company. It is a foreign corporation with offices at 1100 Town & Country Road, Suite 1200, Orange, CA 92868. Its registered agent in New York is National Registered Agents, Inc., Suite 501, 875 Avenue of the Americas, New York, NY, 10001.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation. Its registered agent and office are National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, NY 10001.

BN 1543815v1

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.    Ameriquest is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.    Ameriquest makes more than 26 loans per year.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.    Ameriquest is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    **Because Paragraph 9 states legal conclusions, no answer is required.  If an answer if required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Defendant WM Specialty Mortgage ("WM") is a foreign corporation with offices at 505 City Parkway West, Suite 100, Orange, CA, 92868. It is engaged in the business of owning residential mortgages and is the present holder of plaintiffs' loan.

**ANSWER:**    **Defendant admits that it is a Delaware limited liability company.  Defendant admits that it owns Plaintiffs' loan.  Defendant denies any remaining allegations of Paragraph 10.**

11.    Defendant Ramos Wellington is an individual whose last known address is 869 Flushing Avenue, Brooklyn, NY 11213 and who forged or caused to be forged a real estate transfer report and related documents to transfer the deed for 128 Crystal Street, the Drews' home, into his name.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

- 3 -

## FACTUAL ALLEGATIONS

### Background to the Ameriquest Mortgage

12.     On or about August 5, 2000, Darrin and Ida Drew purchased their home at 128 Crystal Street in Brooklyn. The Drews have continuously resided at that address since they purchased the property.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     To purchase their home in 2000, the Drews obtained a $154,230 mortgage towards the purchase price of $159,000.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Between 2000 and 2003, the Drews made regular mortgage payments in accordance with their monthly obligations.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     In the fall of 2003, the Drews spoke with an Ameriquest representative who recommended that they obtain a new mortgage loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     In or around October 2003, Mr. and Mrs. Drew refinanced their mortgage with Homebridge Mortgage Bankers, resulting in a loan balance of approximately $185,000.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

- 4 -

BN 1543815v1

17.     In early 2004, Mrs. Drew left her job to care for the family's young child.  As a result of Mrs. Drew leaving her job, the Drews faced a shortfall in income and mounting financial obligations.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     In or around February 2004, the Drews again spoke with an Ameriquest representative who advised them that they could refinance their mortgage again. Ameriquest approved and originated a refinancing loan of $225,000, which represented an increase to the Drews mortgage of approximately 20%, notwithstanding the family's loss of income. At the time, the family's income was approximately $40,000 per year.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     In or around September 2004, the Drews again spoke with an Ameriquest representative and again applied to refinance their mortgage with Ameriquest.  At the time, Mrs. Drew was pregnant with the family's second child and the family faced additional costs and financial hardship.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     On or about September 18, 2004, the Drews entered into a refinancing mortgage agreement with Ameriquest ("the Ameriquest Mortgage"). This was the third refinancing mortgage entered into by the Drews in less than a year and the second refinancing entered into with Ameriquest in approximately nine months.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

BN 1543815v1

21.    Despite the fact that the family's income had significantly decreased and financial burdens increased, Ameriquest approved a loan of $275,000. As a result of the Ameriquest mortgage, the Drews owed nearly 80% more than they owed when they bought their home.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.    No reasonable analysis of the Drews' financial condition could have supported the conclusion that the Drews were qualified for the Ameriquest Mortgage.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.    As a result of the refinancing, the Drews were foreseeably faced with costly monthly payments that they are unable to meet.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.    Ameriquest contends that in May of 2006, it issued a notice of default to the Drews.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.    Despite the Drews' efforts to reach an agreement with Ameriquest that would allow them to continue to avoid foreclosure, Ameriquest and its affiliates brought a foreclosure action against the Drews in Kings County Supreme Court.

**ANSWER:    Defendant admits that it initiated a foreclosure action on Plaintiffs' loan in Kings County Supreme Court.  Defendant denies that it is an affiliate of Ameriquest and denies any remaining allegations of Paragraph 25.**

BN 1543815v1

26.     The Drews are opposing that foreclosure action.   However, in light of Ameriquest and its affiliates' violations of federal law, the Drews bring this action before this Court under federal law.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.  Defendant specifically denies that it is an affiliate of Ameriquest and denies that it violated any federal laws.**

## Allegations About Ameriquest's Lending Practices

27.     On information and belief, Ameriquest has a history of mistreating its customers, failing to adhere to proper business standards, and violating lending laws.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     Ameriquest has recently been investigated by a number of state Attorney General, including the Attorney General for the State of New York, for improper lending practices including its representations, misrepresentations, omissions, disclosures, and other events relating to:

a.      loan type and terms, including Discount Points, interest rates, origination-related fees, monthly payment amounts terms of Adjustable Rate and Fixed Rate Mortgages and Prepayment Penalties

b.      Written disclosures required to be provided to a potential borrower

c.      Borrower benefits from obtaining a loan from an Ameriquest-related party or from a repeat refinancing with an Ameriquest-related party

d.      Coordination with debt collectors

e.      The timely completion of underwriting functions of a loan

f.      Closing of a loan

g.      Appraisals

h.      Stated-income loans

BN 1543815v1

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.   As a result of this investigation, and in order to avoid regulatory action, Ameriquest has entered into a "Multistate Settlement Agreement" with the Attorneys General. (Annexed as Exhibit A.)

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.   The Draws have been notified that they are class members of the Ameriquest Multistate Settlement class. They have elected not to participate in the settlement.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.   On information and belief, the residential loan market is extremely competitive with numerous options for consumers to take- out loans and mortgages and to refinance their homes. Consumers are able to secure funding through such sources as traditional banking institutions, specialized mortgage lenders, mortgage brokers and online services that offer access to various sources of funding. This intense competition has created an incentive for mortgage lenders to market their loans containing either low upfront costs or even zero upfront costs.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.   On information and belief, it is common practice for mortgage lenders to charge certain upfront fees to customers in connection with loaning those customers money. These upfront fees are often referred to as "Loan Origination Fees."

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

BN 1543815v1

33.    On information and belief, Ameriquest, in order to entice customers including the Draws, marketed its loans by informing potential borrowers that they would not be required to pay any Loan Origination Fees in connection with their loans or would only have to pay a small amount of fees.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.    On information and belief, a different type of upfront fee is referred to as a "Loan Discount Fee." A Loan Discount Fee serves a distinct purpose from a Loan Origination Fee in that it is common industry practice that Loan Discount Fees are paid to mortgage lenders at closing in order to lower the mortgage interest rate charged to the mortgage lender's customers.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.    Ameriquest disclosed, in form documents provided to the Drews and others, that the purpose of paying a Loan Discount Fee was to lower the interest rate charged on a loan. Ameriquest described the Loan Discount Fees, (also known as "discount points") as follows:

> **UNDERSTANDING YOUR OPTIONS REGARDING**
> **INTEREST RATES AND DISCOUNT POINTS**
>
> The interest rate (or initial interest rate in the case of an adjustable rate mortgage) and discount points on your loan are related to each other. A "discount point" is a one-time fee that equals one (1) percent of the loan amount **that lowers the interest rate of the loan**. So, on a $100,000 loan, "1" discount point is $1,000. **You can obtain a lower interest rate by taking a loan with additional discount points**, or have fewer discount points in return for a higher interest rate.

(emphasis supplied).

ANSWER:    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

BN 1543815v1

36.     On information and belief, Ameriquest had a general practice of charging "Loan Discount Fees" that had no relationship to the actual interest rate charged. On information and belief, Ameriquest workers knew that the use of the "Loan Discount Fees" was a misleading practice intended to mask origination fees.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

## Ameriquest's Lending Violations Against the Drews

37.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the Drews' right to cancel within three days. The disclosure of the right to cancel that Ameriquest did provide was misleading, incomplete, and inaccurate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     The loan settlement statement provided by Ameriquest to the Drews indicated that the Drews did not pay any Loan Origination Fees.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.     The loan settlement statement stated that the Drews would be charged Loan Discount Fees in consideration of a reduction to the loan's initial interest rate. In fact, there was little or no reduction in the interest rate applied to the loan and there was no actual relationship between the interest rate applied to the loan and the Loan Discount Fees.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     On information and belief, in fact, the Loan Discount Fees were a deceptive way for Ameriquest to generate undisclosed Loan Origination Fees.

BN 1543815v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.

41.    An Ameriquest disclosure document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure," (the "Interest Rate Disclosure") purported to contain an explanation of how the interest rate applied to the loan was determined.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.

42.    Ameriquest's disclosure about the computation of the Drews' interest rate was unclear, inaccurate, and confusing. The calculations contained in the interest Rate Disclosure did not result in the interest rate that was applied to the Drews' loan. And the examples of how the interest rate might change bore no relationship to the actual terms of the Drews' loan.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.

**Allegations of Forgery Against Wellington**

43.    At the time the Drews entered into the Ameriquest Mortgage, Ameriquest confirmed that the Drews held clear and sole title to their home at 128 Crystal Street.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.

44.    Shortly after obtaining the Ameriquest Mortgage, and unbeknownst to them, the Drews became victims of forgery and deed theft.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.

45.    Upon information and belief, the forgery was related to the Drews having entered into the Ameriquest Mortgage, insofar as the Drews' personal identifying information was negligently handled by Ameriquest and its affiliates.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.    Unknown to the Drews, Wellington falsely filed a Real Property Transfer Report in which he falsely stated that (i) on November 4, 2004 the Drews had conveyed title in 128 Crystal Street to him; and (ii) that he was related to the Drews. Wellington forged or caused to be forged Mr. and Mrs. Drews signatures on the Real Property Transfer Report and related documents.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.    The Drews have no relatives named Ramos Wellington, do not know any individual named Ramos Wellington, and did not sign any of the documents filed by Ramos Wellington. They have never agreed to sell or transfer ownership of 128 Crystal Street to any other individual.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.    The Drews learned of Wellington's forgery when, in an effort to rid themselves of the Ameriquest loan in 2005, they considered obtaining a new loan from a different lender. Their application was refused when the lender discovered that the deed to 128 Crystal Street was no longer in the Drews' name.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.    In order to obtain a new mortgage and pay off any remaining obligation to Ameriquest, the Drews will need to set aside the forged deed, which lists that Ramos Wellington as the owner of 128 Crystal Street.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

### FIRST CAUSE OF ACTION

**(Against Ameriquest, ACC Capital Holdings, and WM Specialty Mortgage):**
**Violation of 15 U.S.C. 41601, *et seq*.**

50.    Defendants [sic] reassert and reallege paragraphs 1 through 49 as though fully set forth herein.

**ANSWER:**    **Defendants have asserted no allegations in this action and on that basis deny the allegations of Paragraph 50.**

51.    In connection with the loan, Ameriquest Mortgage Company and its affiliates violated the disclosure requirements of TILA and Regulation Z in the following and other respects:

a.    By failing to provide the Drews with the mandatory notice of their statutory right to rescind the mortgage transaction required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23.

b.    By failing to provide the Drews with an explanation that was clear, conspicuous and consistent with the forms and regulations of the Federal Reserve Board found at 12 CFR § 226.19(b) (Regulation Z) of how the mortgage's interest rate and payment would be determined.

**ANSWER:**    **Because Paragraph 51 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and deny any liability to Plaintiffs.**

52.    Ameriquest's assignment to WM Specialty Mortgage was voluntary.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 to the extent they purport to characterize Ameriquest's conduct and on that basis Defendant denies such**

BN 1543815v1

allegations.  **Defendant admits that its acquisition of Plaintiff's loan was voluntary.**

53.    Ameriquest violation of incomplete and inaccurate disclosure can be determined by a comparison among the disclosure statement, itemization of the amount financed, the note, and other disclosures of disbursement, and/or is apparent from Ameriquest's failure to use the terms or format required by 16 U.S.C. § 1601, *et seq.*

**ANSWER:**    **Because Paragraph 53 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and deny any liability to Plaintiffs.**

54.    Because of the violations of TILA and Regulation Z, the Drews have an extended right to rescind the subject mortgage loan transaction pursuant to 15 U.S.C. § 1635(f).

**ANSWER:**     **Because Paragraph 54 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

55.    Notice of rescission has been given to the defendants by the Drews.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56.    Ameriquest has refused to rescind the loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

## SECOND CAUSE OF ACTION.

**(Against Ameriquest and ACC Capital Holdings)**
**Violation of NY Gen. Bus. L. § 349**

57.    Defendants [sic] reassert and reallege paragraphs 1 through 56 as though fully set forth herein.

BN 1543815v1

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant incorporates its answers to Paragraph 1 through 56 as though fully set forth herein.**

58.    By virtue of the following, Ameriquest and its affiliates have violated NY Gen. Bus. L, § 349, *et seq.*;

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.    Ameriquest engaged in deceptive acts and practices in the conduct of their business, trade and commence which generally harmed the public and which caused its customers, including the Drews, to pay Loan Discount Fees although the customers were not provided the represented discounts on their loan in consideration of those fees.

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.    Ameriquest also deceived its customers, including the Drews, by representing that they would be paying little or no Loan Origination Fees when in fact the customers paid Loan Origination Fees that were deceptively masked as Loan Discount Fees.

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.    Upon information and belief, and in violation of NY Gen. Bus. L. § 349, Ameriquest engaged in unlawful and deceptive lending practices intended to capitalize upon the

- 15 -

unaffordable loans offered to its customers, including the Drews, through subsequent refinancing and/or foreclosure efforts.

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.    Upon information and belief, Ameriquest's unlawful lending practices were not limited to the Draws, but targeted to the public at large; and others have been similarly injured by Ameriquest's practices.

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.    Ameriquest's unlawful and deceptive acts and practices have directly, foreseeably, and proximately caused actual damages and injury to the Draws. Ameriquest's pattern and practice of engaging in similar deceptive practices continues to have an adverse impact on the public at large.

**ANSWER:**    **Because the Second Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

### THIRD CAUSE OF ACTION:

**(Against Wellington)**
**Forgery**

64.    Defendants [sic] reassert and reallege paragraphs 1 through 63 as though fully set forth herein.

**ANSWER:**    **Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required,**

BN 1543815v1

**Defendant restates its answers to paragraphs 1 through 63 as though fully set forth herein.**

65.     The Draws did not agree to transfer 128 Crystal Street to defendant Wellington and did not sign the Real Property Transfer Report filed by defendant Wellington.

**ANSWER:     Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.     Wellington forged, or caused to be forged, the Draws' signatures on the Real Property Transfer Report and other documents related to the deed for the Draws' home at 128 Crystal Street in Brooklyn.

**ANSWER:     Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.     Wellington intended to defraud, deceive, or injure another by falsely making, completing or altering written instruments that were calculated to become a deed or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status.

**ANSWER:     Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     The Drews have suffered serious injury as the proximate result of the forgery committed by defendant Wellington.

**ANSWER:     Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as**

to truth of the allegations of Paragraph 68 and on that basis denies such allegations.

69.     As a result of the aforesaid forgery, the Drews are entitled to a judgment declaring that the Real Property Transfer Form is void and the deed set aside.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

(a)     A judgment voiding plaintiffs' mortgage, capable of being recorded in the public records, and binding on defendants;

(b)     A judgment setting aside the forged deed;

(c)     Actual and statutory damages;

(d)     Costs, disbursements and reasonable attorneys fees; and

(e)     Such other and further relief as the Court deems just and proper.

**ANSWER:     Because the Third Cause of Action is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

- 18 -

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiffs' Complaint;

BN 1543815v1

2.    Enter judgment for Defendant and against Plaintiffs in this action;

3.    Award Defendant its costs of suit; and

4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  December 3, 2007

By:  /s/ Bernard E. LeSage
_____
*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1543815v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 3rd day of December 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/  Connie Madrigal_____